

objection. There are some serious charges made in regard to said testimony and, since we find it is unnecessary to consider it in determining the case, we prefer to pass it over. In doing so, we do not intend to imply that the testimony should not have been considered if it was necessary to a decision of the case.

We find no good reason for disturbing the finding of the lower court, and it is affirmed, with costs.

court and the case regularly fixed for trial. On the day of trial a written stipulation, signed by attorneys for both appellant and appellees, was filed in this court in which there is set out that the rentals due under said lease were not paid or deposited on September 19, 1936, in accordance with the terms of said lease, and therefore the question involved on appeal had become moot. It is therefore agreed that the judgment of the lower court should be affirmed. It is so ordered. Costs of appeal to be paid by appellant.

## ELLIS v. GRIGSBY et al.
### No. 5348.

Court of Appeal of Louisiana. Second Circuit.

March 1, 1937.

## STOVALL v. TOLAR.
### No. 5416.

Court of Appeal of Louisiana. Second Circuit.

March 1, 1937.

H. W. Ayres, of Jonesboro, for appellant.

C. A. Barnett and Allen Barksdale, both of Ruston, for appellees.

DREW, Judge.

This is a suit for the cancellation of an oil and gas lease.

The lower court rendered judgment in favor of defendants, rejecting plaintiff's demands. An appeal was taken to this